**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ANTON SMIRNOV,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-25-CV-669-KC** |
| | § | |
| **WARDEN, EL PASO CAMP EAST** | § | |
| **MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Anton Smirnov's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Smirnov is held in immigration detention at the El Paso Processing Center in El Paso, Texas. Pet. 2 ¶ 1, 3 ¶ 1, 5 ¶ 6. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 5–7.

Smirnov, his wife, and their child, arrived in the United States on September 9, 2023, and were paroled into the country and issued a Form I-94. *Id.* at 4 ¶¶ 1–2. On August 29, 2025, Smirnov was arrested by immigration authorities and re-detained. *Id.* at 4 ¶ 5. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Smirnov's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, --- F.Supp.3d ----, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Smirnov's case warrant a different outcome." *Id.* at 1–2.

Respondents state that this case "differs" from *Lopez-Arevelo* and the Court's other decisions "because this Petitioner is an arriving alien who presented himself to a port of entry

and did not enter the United States unlawfully within the ports of entry." Resp. 1–2. Respondents do not, however, contest that Smirnov was "paroled and released" into the country. *See* Resp. 1. Instead, they argue that issuance of the Notice to Appear and commencement of removal proceedings automatically terminated his parole, which "reverted Petitioner back to his previous status as an arriving alien, thus subject to mandatory detention." *Id.* at 2 (citations omitted). As for Smirnov's right to procedural due process, Respondents argue that "what Congress provided to [him] by statute satisfies due process." *Id.* at 3–4.

However, as explained at length in *Lopez-Arevelo*, a person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government. *Lopez-Arevelo*, 2025 WL 2691828, at *10–11. Here, Smirnov was paroled and released into the country, where he has been living at liberty with his family for nearly two years. Even assuming that Respondents' contention that Smirnov is an "arriving alien" is correct as a matter of statutory construction, Smirnov's constitutional interest in his liberty exists above and apart from the Immigration and Nationality Act and attendant regulations. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025). As in *Lopez-Arevelo*, Respondents have not identified any changed circumstances that might warrant termination of Smirnov's parole. *See generally* Resp.; *see also Lopez-Arevelo*, 2025 WL 2691828, at *1–3. And to the extent any concerns exist, they can be squarely addressed through a bond hearing. *Lopez-Arevelo*, 2025 WL 2691828, at *11.

For essentially the same reasons that this Court found a due process violation in *Lopez-Arevelo*, the Court finds a due process violation here. Thus, after careful consideration of the entire record,[1] and for reasons explained at length in this Court's many other decisions involving

---

[1] The relevant facts are undisputed, *see* Resp. 1, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[2] Smirnov's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before January 2, 2026**, Respondents shall either: (1) provide Smirnov with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Smirnov's continued detention; or (2) release Smirnov from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before January 2, 2026**, Respondents shall **FILE** notice informing the Court whether Smirnov has been released from custody.  If Smirnov has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the January 2, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 23rd day of December, 2025.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[2] Throughout those decisions, the Court has already rejected every other argument raised by Respondents. *Compare* Resp. 1–4, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.